IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL S. GRIFFIS,
ADC #134561                                                                                       PLAINTIFF

v.                                            5:09CV00194WRW/HLJ

RORY GRIFFIN, et al.                                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District
     Judge  (if such a  hearing is granted)  was not  offered at  the
     hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## DISPOSITION

By Order dated July 23, 2009 (DE #5), this Court granted plaintiff's application to proceed in forma pauperis in this lawsuit filed pursuant to 42 U.S.C. § 1983. However, finding plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed plaintiff to amend his complaint. Plaintiff has now filed an amended complaint (DE #9).

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S.Ct.

1955, 1974 (2007).

In reviewing a pro se complaint under § 1915A(b)(2), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In his original complaint, plaintiff named several individuals as defendants in the caption, but failed to include specific allegations against most of those individuals in his complaint. In the Court's July 23, 2009 Order, the Court directed plaintiff to more clearly state his allegations, including the name of each individual personally involved, how that individual was involved and how that individual violated plaintiff's constitutional rights. In his amended complaint, however, plaintiff again fails to include any specific allegations against defendants Griffin, Capps, Blackmon, Moscovich, and Norris. Therefore, the Court finds that these defendants should be dismissed from plaintiff's complaint for failure to state a claim for relief.

In addition, plaintiff's remaining allegations against the other defendants fail to state a claim. Plaintiff appears to complain about the manner in which the grievance procedure is structured by the Arkansas Department of Correction (ADC) and defendant Correctional Medical Services, Inc. (CMS), and complains that unnamed defendants continue to deny his right to grieve for redress. However, "not every violation of state law or state-mandated procedures is a violation of the Constitution." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The Court in Buckley noted that a failure to process grievances does not implicate a constitutional right, "hence it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Id. See also Williams v. Nix, 1F.3d 712, 717 (8th Cir. 1993).

3

Plaintiff also appears to allege that he has had difficulty in seeing a physician for an unspecified painful condition, but he does not allege that any specific individual has acted in a manner constituting deliberate indifference to a serious medical need. Plaintiff also appears to disagree with the particular treatments that he has been provided, but again, fails to specifically allege unconstitutional conduct by specific individuals.  In order to support a claim for an Eighth Amendment violation, plaintiff must allege that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).

Absent allegations of conduct suggesting deliberate indifference to a serious medical need by a specific individual or individuals, the Court therefore finds that plaintiff's remaining allegations should be dismissed for failure to state a claim.    Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is hereby DISMISSED for failure to state a claim, and that this dismissal constitutes a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[1]

---

[1]The Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure

IT IS SO ORDERED this 21st day of August, 2009.

*Henry L. Jones, Jr.*
_____
United States Magistrate Judge

---

to state a claim, unless the prisoner is under imminent danger of serious physical injury.